UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANNY L. SAINTIGNON, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:18-cv-00190-WTL-DLP |
| ) | |
| WEXFORD HEALTH SOURCES INC., ) | |
| SAMUEL BYRD, ) | |
| BARBARA RIGGS, ) | |
| RICHARD BROWN, ) | |
| KEVIN GILMORE, ) | |
| MIKE CARDINAL, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Complaint and Directing Further Proceedings**

Plaintiff Danny Saintignon, an inmate at the Wabash Valley Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants have violated his right to constitutionally adequate medical care.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Discussion

Saintignon alleges that while he was playing basketball at Wabash Valley, he fell and broke his wrist. He was transported to Terre Haute Regional Hospital where he underwent surgery to repair the injury. Upon his return to Wabash Valley, he requested medication for his pain. He was given Ibuprofen and Tylenol, but these medications did not alleviate his pain. He submitted health care requests to Nurse Barbara Riggs and Dr. Byrd that were either ignored or delayed. Saintignon further alleges that these failures to respond to Saintignon's requests were a result of a policy or practice by Wexford Health Sources, Inc. He also alleges that he fell because of a crack or a dip in the basketball court and that defendants Kevin Gilmore and Mike Cardinal were responsible for maintaining the court.

Based on the screening standard described above, certain claims shall proceed while others will be dismissed. First, the claim that Dr. Byrd and Nurse Barbara Riggs delayed in providing Saintignon pain treatment **shall proceed** as a claim that these defendants were deliberately indifferent to Saintignon's serious medical needs in violation of his Eighth

Amendment rights. The claim that these delays were the result of a policy or practice of Wexford **shall also proceed**.

Any claim against Richard Brown is **dismissed**. Saintignon alleges that Brown failed to properly monitor his medical staff. This amounts to a claim that Brown should be held responsible based on his supervisory role. But "[i]ndividual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (holding that the supervisor at issue was not personally responsible; "[t]he Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care").

Claims against Kevin Gilmore and Mike Cardinal based on the allegation that they were aware or should have been aware of the crack in the basketball court and failed to repair it must be **dismissed**. Claims brought under § 1983 related to conditions of confinement are considered under the Eighth Amendment. To state a claim under the Eighth Amendment, the plaintiff must allege that the defendant knew of an excessive risk to the plaintiff's safety and ignored it. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). A crack in a basketball court is not the kind of excessive risk which the Eighth Amendment protects against. *See Pyles v. Fahim*, 771 F.3d 403, 410 (7th Cir. 2014) (slippery floors are not a hazardous condition of confinement); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004)("A 'protrusive lip' on a softball field, even if

hazardous when a ball hits it in a certain way, does not amount to a condition objectively serious enough to implicate the Eighth Amendment.").

### III. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Conclusion and Service of Process

In sum, Saintignon's claims that Nurse Riggs, Dr. Byrd, and Wexford exhibited deliberate indifferent to his serious medical needs shall proceed. All other claims are dismissed and the **clerk shall** terminate all other defendants on the docket. If the plaintiff believes that additional claims were alleged in the complaint, but not discussed by the Court he shall have **through July 5, 2018,** in which to identify those claims.

The **clerk is designated** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 6/13/18

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DANNY L. SAINTIGNON, Jr.
978030
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Dr. Samuel Byrd
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S Old US Hwy 41
P.O. Box 500
Carlisle, IN 47838

Barbara Riggs
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S Old US Hwy 41
P.O. Box 500
Carlisle, IN 47838

Wexford Health Sources, Inc.
c/o Registered Agent, Douglas P. Long
500 N. Meridian Street, Suite 300
Indianapolis, IN 46204

Courtesy copy to:
Douglass A. Bitner
Katz Korin Cunningham, P. C.
334 North Senate Avenue
Indianapolis, IN 46204